

ANTHONY G. BROWN
*Attorney General*

CANDACE MCLAREN LANHAM
*Chief of Staff*

CAROLYN A. QUATTROCKI
*Deputy Attorney General*

# STATE OF MARYLAND
## OFFICE OF THE ATTORNEY GENERAL

FACSIMILE NO.
(410) 576-6955

WRITER'S DIRECT DIAL NO.
(410) 576-7005

April 19, 2023

Patricia S. Connor, Clerk
United States Court of Appeals
For the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

**VIA ECF**

Re:   Clayton Hulbert v. Brian Pope
      In the United States Court of Appeals for the Fourth Circuit
      Appeal No. 21-1608

Madam Clerk:

In accordance with Federal Rule of Appellate Procedure 28(j) and Local Rule 28(e), appellant, Sgt. Brian Pope, submits this letter regarding supplemental authority that arose after the filing of the briefs in this appeal.

Sgt. Pope argues that he is entitled to qualified immunity, in part, because, at the time of the arrest in this case, there was no clearly established right of the subject of police activity (as opposed to a bystander) to make a video recording of the incident. In his brief, Sgt. Pope cited to *Sharpe v. Winterville Police Dep't*, 480 F. Supp. 3d 689, 692 (E.D.N.C. 2020); *see also* Appellant's Br. 30-31, 33, 41. In *Sharpe*, the district court found that a police officer was entitled to qualified immunity after arresting a passenger in a vehicle who used their cell phone to record and broadcast a traffic stop. *Sharpe*, 480 F. Supp. 3d at 697.

On February 7, 2023, this Court decided the appeal in *Sharpe* by published decision. *Sharpe v. Winterville Police Dep't*, 59 F.4th 674 (4th Cir. 2023). This Court affirmed the district court's order granting qualified immunity because "it was

Ms. Connor
April 19, 2023
Page 2

not clearly established that the officer's actions violated the passenger's First Amendment rights." *Id.* at 678.

      This Court rejected an argument attempting "to broadly define the right as 'a First Amendment right to film police in the discharge of their duties in public'" because it contravened "the Supreme Court's admonition to avoid defining the right at too high a level of generality." *Id.* at 684 n.11 (citations omitted). Moreover, this Court found no "consensus of persuasive authority" to create such a right, in part, because out-of-jurisdiction cases that recognized a right to record police involved "bystanders, not the subjects of the stop itself," like appellee in this case. *Id.* 683-84.

                                                    Respectfully submitted,

                                                    James N. Lewis
                                                    Assistant Attorney General
                                                    Counsel for Appellant

cc:    All counsel of record (via e-notice)