

# HANSEL LAW, PC
TRIAL AND APPELLATE COUNSEL

CARY J. HANSEL
Attorney at Law

2514 North Charles Street  
Baltimore, Maryland 21218  
www.hansellaw.com

Direct Dial: 301-461-1040  
Facsimile:   443-451-8606  
cary@hansellaw.com

April 20, 2023

Patricia S. Connor, Clerk  
U.S. Court of Appeals for the Fourth Circuit  
1100 East Main Street, Suite 501  
Richmond, Virginia 23219

      Re:    *Clayton Hulbert v. Brian Pope*, No. 21-1608, 1:18-cv-00461 SAG  
              **Response to Appellant's Supplemental Authority Letter dated April 19, 2023**

Dear Madam Clerk:

      Please accept this response to Appellant's letter regarding *Sharpe v. Winterville Police Dep't*, 59 F.4th 674 (4th Cir. 2023).

      *Sharpe* weighs far more in favor of the Appellees here. The trial court's opinion in the present case rested on factors that both distinguish this case from *Sharpe* and would have likely changed the outcome of *Sharpe* to favor the plaintiff.

      The *Sharpe* opinion turns on its distinctions from this case: (1) cases establishing a clearly established right to film police have been "about video recordings, not livestreams," and (2) "the people doing the recording tend to be bystanders, not the subjects of the stop itself." 59 F.4th at 683. *"[T]hose two distinctions make all the difference." Id*. at 684. Chief Judge Niemeyer even reframed the question as "whether, during a lawful traffic stop, law enforcement officers may lawfully prohibit the person detained from conducting electronic communications with others." *Id*. at 685.

      This case differs on both grounds: (1) Kevin Hulbert was filming his brother's arrest. J.A. 740; and (2) he was not the "subject" of the stop, as Sergeant Pope was arresting *Jeff* and did not arrest *Kevin* until after Kevin began filming. J.A. 101. There is no evidence that Kevin participated in the demonstration or held a picket sign; all he did was record. J.A. 101, 353. Appellant's contention that *Sharpe* applies because it involved "'the subjects of the stop itself,' [*allegedly*] like appellee," is incorrect. ECF 62 at 2.

      Appellant's citations are misleading. In *Sharpe*, this Court did *not* hold that there is no right for a bystander to film police arresting another person. To the contrary, this Court's parsing of *filming* vs. *broadcasting* and *bystander* vs. *subject* demonstrates there is a clearly defined right for a bystander to film police. Even the officers in *Sharpe* recognized that right. 59 F.4th at 678 ("[Officers] then told Sharpe he could record the stop but could not stream it to Facebook Live.").

Nothing in *Sharpe* dictates finding for the police here, and the opinion strongly suggests a ruling in favor of the bystander filming.

Respectfully submitted,

/s/

Cary J. Hansel

Cc: All counsel of record.